UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Charles Gould,                                             Civil No. 11-1982 (DWF/JSM)

     Plaintiff,

v.                                                         **MEMORANDUM
                                                           OPINION AND ORDER**

Citi Mortgage, Inc., a corporation; Closers
Finalis, Inc.; First Rate Financial, Inc., a
corporation; Mortgage Electronic Registration
Systems, Inc., a corporation; and PennyMacLoan
Services, LLC, a limited liability company,

     Defendants.

_____

Christopher M. Daniels, Esq., David J. Wymore, Esq., and Jesse H. Kibort, Esq., Daniels & Wymore, PLLC, counsel for Plaintiff.

Kevin T. Dobie, Esq., Matthew H. Jones, Esq., and Paul A. Weingarden, Esq., Usset, Weingarden & Liebo PLLP, counsel for Defendant Citi Mortgage, Inc.

Benjamin E. Gurstelle, Esq., and Mark G. Shroeder, Esq., Briggs & Morgan, PA, counsel for Defendants Mortgage Electronic Registration Systems, Inc. and PennyMacLoan Services, LLC.

_____

**INTRODUCTION**

   This matter is before the Court on a Motion to Dismiss brought by Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and PennyMacLoan Services, LLC ("PennyMac") (Doc. No. 2), a Motion to Dismiss brought by Defendant Citi Mortgage, Inc. ("Citi Mortgage") (Doc. No. 5), a Motion to Amend the Pleadings

brought by Plaintiff Charles Gould (Doc. No. 18), and on Plaintiff's objections (Doc. No. 46) to Magistrate Judge Janie S. Mayeron's December 29, 2011 Report and Recommendation (Doc. No. 45). For the reasons stated below, the Court grants the motions to dismiss and adopts the Report and Recommendation.

## BACKGROUND

The facts of this case are fully and completely set forth in Magistrate Judge Janie S. Mayeron's December 29, 2011 Report and Recommendation. (Doc. No. 45.) For purposes of the pending motions, the Court sets forth the following procedural history. Defendants removed this action to federal court on July 20, 2011, based on Plaintiff's federal claims alleging violations of the Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA"). (Doc. No. 1, Exs. 1–9.) On July 27, 2011, Defendants Citi Mortgage, MERS, and PennyMac filed motions to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (Doc. Nos. 2, 5.) The hearing on these motions was held before the undersigned. (Doc. No. 35.) Prior to the hearing, Plaintiff filed a Motion for Leave to Amend the Complaint. (Doc. No. 18.) As part of the Proposed Amended Complaint, Plaintiff withdrew four causes of action, including his federal TILA and RESPA claims, and proposed the addition of several new state-law claims. (Doc. No. 18.)

On November 2, 2011, with Citi Mortgage's consent, Defendants PennyMac and MERS filed an Amended Notice of Removal alleging diversity of citizenship, in addition

to federal question and supplemental jurisdiction.  (Doc. No. 32.)[1]  Defendants argued that on information and belief, First Rate Financial, Inc. ("First Rate Financial") and Closers Finalis, Inc. ("Closers Finalis"), both Minnesota corporations, were fraudulently joined, as they had not been served, no claims had been asserted against them, and First Rate Financial was in the process of dissolution.  (*Id.* ¶¶ 7–10.)  After a hearing before Magistrate Judge Mayeron on Plaintiff's Motion to Amend the Complaint, Magistrate Judge Mayeron requested that the parties file additional briefing on the issue of whether diversity of citizenship could be raised at that point in the proceedings, when it had not been raised at the initial time of removal by Defendants.  (Doc. Nos. 30, 31, 33.)

Plaintiff asserted the following claims in his original Complaint:  (1) Declaratory Relief; (2) Injunctive Relief; (3) Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing; (4) Violation of TILA; (5) RESPA; (6) Rescission; (7) Fraud; (8) Unfair Business Practices; (9) Breach of Fiduciary Duty; (10) Predatory Lending; (11) Civil Conspiracy; and (12) Unjust Enrichment.  (Doc. No. 1, Compl.)  As fully set forth in the Report and Recommendation, in his Proposed Amended Complaint, Plaintiff sought to withdraw his federal TILA and RESPA claims (Counts Four and Five), the state-law unfair business practices and predatory lending claims (Counts Eight and Ten), and sought to modify his claims seeking declaratory and injunctive relief (Counts One and Two), as well as his claims of breach of implied covenant of good faith and fair dealing and breach of fiduciary duty (Counts Three and Nine).

---

[1]     Diversity jurisdiction was not raised when Defendants initially removed this action to federal court.

In his Proposed Amended Complaint, Plaintiff seeks to allege the following state-law claims:  (1) Declaratory Relief; (2) Injunctive Relief; (3) Breach of Contract; (4) Breach of Implied Covenant of Good Faith and Fair Dealing; (5 and 6) Violation of Minn. Stat. § 58.13; (7) Violation of Minn. Stat. § 58.04; (8) Breach of Contract—Improper Transfer of Mortgage Loan into Pool and/or Trust; (9 and 10) Violation of Minn. Stat. § 580, *et seq.*; (11) Rescission; (12 and 13) Fraud-Intentional Misrepresentation; (14) Breach of Fiduciary Duty; (15) Negligent Misrepresentation; (16) Constructive Misrepresentation; (17) Civil Conspiracy; (18) Unjust Enrichment; (19) Quiet Title; (20) Slander of Title; (21) Qui Tam Against; and (22) Promissory Estoppel.

On December 29, 2011, Magistrate Judge Mayeron issued a Report and Recommendation recommending that Plaintiff's motion for leave to amend the Complaint be granted in part and denied in part.  (Doc. No. 45.)  As a threshold matter, the Magistrate Judge concluded that the Court had the requisite authority to address the viability of Plaintiff's state-law claims, explaining that there was federal question jurisdiction at the time the Court heard the motion to amend, and that that even if there were no federal question jurisdiction, PennyMac, MERS and Citi Mortgage had timely raised diversity of citizenship as a basis for the case being in federal court.  (Doc. No. 45 at 13.)  Specifically with respect to the motion to amend, Magistrate Judge Mayeron recommended that:  Plaintiff's motion be granted as it relates to withdrawing Plaintiff's TILA, RESPA, Unfair Business Practice, and Predatory Lending claims (Counts Four, Five, Eight, and Ten of the original Complaint); and that it be granted insofar as Plaintiff

4

seeks to amend claims asserted against First Rate Financial and Closer Finalis on the grounds that he has the right to do so as a matter of course under Fed. R. Civ. P. 15(a)(1)(A). Magistrate Judge Mayeron also recommended that Plaintiff's motion be denied as it relates to the remaining proposed amended claims against Citi Mortgage, MERS, and PennyMac based on the conclusion that all remaining proposed claims against these defendants are futile or fail to state a viable claim.[2]

Plaintiff has objected to the Report and Recommendation. (Doc. No. 46.) Citi Mortgage and PennyMac responded to Plaintiff's objections, both urging the Court to adopt the Report and Recommendation. (Doc. Nos. 47 & 48.)

## DISCUSSION

**I.    Report and Recommendation**

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b).[3] Based on its *de novo* review, the Court adopts Magistrate Judge Mayeron's Report and Recommendation in its entirety, including the recommendation that the Court has the requisite authority to address the viability of Plaintiff's state-law claims.

---

[2]    These claims include breach of contract, promissory estoppel, breach of implied covenant of good faith and fair dealing, quiet title claims, fraud and misrepresentation claim, breach of fiduciary duty, civil conspiracy, and claims for injunctive and declaratory relief.

[3]    Plaintiff's Motion for Leave to Amend is dispositive in nature. Thus the Court applies the *de novo* standard of review.

**II.     Motions to Dismiss**

The Court turns to the motions to dismiss brought by PennyMac and MERS (Doc. No. 2) and Citi Mortgage (Doc. No. 5) on the state-law claims that were asserted against them in the original Complaint and remain before the Court for consideration after the adoption of the Report and Recommendation. These include Plaintiff's claims for declaratory relief, injunctive relief, breach of contract and covenant of good faith and fair dealing, rescission, fraud, breach of fiduciary duty, civil conspiracy, and unjust enrichment.

In the Report and Recommendation, the Magistrate Judge considered the viability of Plaintiff's proposed amended claims for breach of contract, breach of implied covenant of good faith and fair dealing, fraud, breach of fiduciary duty, civil conspiracy, and declaratory and injunctive relief. The allegations in Plaintiff's original Complaint supporting these causes of action are encompassed by the allegations made in Plaintiff's Proposed Amended Complaint. The Magistrate Judge found, and the Court agrees, that the allegations in support of these claims in the Proposed Amended Complaint fail to state a claim for relief or are futile. For the reasons stated in the Magistrate Judge's Report and Recommendation, Plaintiff's claims for declaratory relief, injunctive relief, breach of contract and covenant of good faith and fair dealing, fraud, breach of fiduciary duty, and civil conspiracy, as asserted in the original Complaint, similarly fail. Accordingly, counts One, Two, Three, Seven, Nine and Eleven of the original Complaint are dismissed.

In Count Six of the original Complaint, Plaintiff alleges a claim for rescission. Plaintiff claims that he is entitled to rescind the loan based on TILA and RESPA violations, fraudulent concealment, deceptive acts and practices, public policy grounds, and breach of contract. Because this case no longer involves a claim under TILA or RESPA, any rescission claim based on TILA or RESPA grounds fails. Moreover, Plaintiff has not sufficiently alleged any other basis to support a rescission claim. Accordingly, Count Six is properly dismissed.

Finally, in Count Twelve, Plaintiff alleges a claim for unjust enrichment. In support, Plaintiff alleges that "Defendant[s] received a benefit of money, of ownership and of claim to equity as a result of a predatory lending scheme wherein [Plainitff] was charged excessive fees, including the yield spread premium, in connection with the origination of the loan." (Compl. ¶ 88.) Plaintiff also alleges that he "entered into a trial plan for modification of the loan" . . . and that "Defendants accepted multiple modified payments" but "ended up rejecting the loan modification for the purpose of taking the property via foreclosure." (*Id*. ¶ 90.) To prevail on an unjust enrichment claim, Plaintiff must show that a Defendant "knowingly received something of value, not being entitled to the benefit, and under circumstances that would make it unjust to permit its retention." *Southtown Plumbing, Inc. v. Har-Ned Lumber Co.*, 493 N.W.2d 137, 140 (Minn. Ct. App. 1992). Here, Plaintiff has alleged no facts that would show that he conferred a benefit upon Citi Mortgage, MERS, or PennyMac to which they were not entitled. Thus, this claim fails as a matter of law.

**III.    Claims Against First Rate Financial and Closers Finalis**

The Court acknowledges that there are no federal claims remaining as part of the Proposed Amended Complaint.  In addition, Plaintiff is a Minnesota resident and both remaining Defendants, First Rate Financial and Closers Finalis, are Minnesota corporations.  (Verified Am. Compl. ¶¶ 1, 3, 4.)  Thus, there is no diversity jurisdiction here and the Court otherwise declines to exercise supplemental jurisdiction over Plaintiff's claims against First Rate Financial and Closers Finalis.  Accordingly, those claims are remanded to state court.

## ORDER

Based on the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Magistrate Judge Janie S. Mayeron's December 29, 2011 Report and Recommendation (Doc. No. [45]) is **ADOPTED** in its entirety.

2.    Plaintiff's Motion to Amend the Pleadings (Doc. No. [18]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a.    Plaintiff's Motion for Leave to Amend as to the following Counts in the Proposed Amended Complaint against Defendants First Rate Financial, Inc. and Closers Finalis, Inc. is **GRANTED**:  as to Counts One, Two, Three, Four, Five (as to First Rate), Six, Seven (as to First Rate), Eight, Nine, Eleven, Twelve (as to First Rate), Fourteen (as to First Rate), Fifteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty-One, and Twenty-Two.

      b.      Plaintiff's Motion for Leave to Amend as it relates to withdrawing his Violation of the Truth in Lending Act and Real Estate Settlement Procedures Act, Unfair Businesses Practice, and Predatory Lending claims (Counts Four, Five, Eight, and Ten) as set forth in the original Complaint as to all Defendants is **GRANTED**.

      c.      Plaintiff's Motion for Leave to Amend as it relates to the proposed remaining amended claims against Defendants Citi Mortgage, MERS, and PennyMac is **DENIED**.

3.      The Motion to Dismiss brought by Defendants MERS and PennyMac (Doc. No. [2]), is **GRANTED IN PART** and **DENIED IN PART** as follows:

      a.      The motion as it relates to Counts Four, Five, Eight, and Ten is **DENIED AS MOOT**.

      b.      The motion as it relates to Counts One, Two, Three, Six, Seven, Nine, Eleven, and Twelve is **GRANTED** and those Counts are **DISMISSED WITH PREJUDICE**.

4.      Defendant Citi Mortgage, Inc.'s Motion to Dismiss (Doc. No. [5]), is **GRANTED IN PART** and **DENIED IN PART** as follows:

      a.      The motion as it relates to Counts Four, Five, Eight, and Ten is **DENIED AS MOOT**.

      b.      The motion as it relates to Counts One, Two, Three, Six, Seven, Nine, Eleven, and Twelve is **GRANTED** and those Counts are **DISMISSED WITH PREJUDICE**.

     5.     Plaintiff's Complaint (Doc. No. [1]) is **DISMISSED WITH PREJUDICE** as it is asserted against Defendants MERS, PennyMac, and Citi Mortgage.

     6.     Plaintiff's claims in his Proposed Amended Complaint against Defendants First Rate Financial and Closers Finalis are remanded to state court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 26, 2012           s/Donovan W. Frank
                                         DONOVAN W. FRANK
                                         United States District Judge